## LAW AND CHANCERY COURT OF THE CITY OF NORFOLK

Dwan LeVora

v.

Colonial Stores, Inc.

December 13, 1968

Case No. (Law) 4395

By JUDGE EDWARD L. RYAN, JR.

This matter is now before the court on defendant's motions to set aside the jury verdict in favor of the plaintiff and to enter summary judgment in its favor. The defendant tells the court that plaintiff failed to prove defendant was guilty of primary negligence; that plaintiff's own evidence convicts her of contributory negligence; and that the court erred in admitting certain evidence as to plaintiff's loss of earnings.

Neither plaintiff nor her witnesses testified to any facts that would fasten primary negligence on the defendant. This reduces the entire issue to a consideration of the testimony of William R. Hinson, the manager of defendant's store in which plaintiff slipped and fell on a deposit of ice and water.

Hinson testified that less than ten minutes prior to plaintiff's accident he checked the watermelon table and surrounding area and saw no ice or water on the floor. He then went to a bread counter located about ten or twelve feet from the watermelon counter and was working there when plaintiff fell. He went to her assistance and never saw any water on the floor until it was drawn to his attention by the plaintiff. Indeed, plaintiff confirmed this lack of notice when she testified that "Mr. Hinson came over and got hold of my arm to pick

me up and asked me what did I fall on. I said, 'I have no idea.' When he picked me up then *we* saw that it was ice and water."

There was no evidence that any other employees of the defendant saw or should have seen the water on the floor prior to the accident, nor was there any lengthy time element involved that would fasten constructive notice on the defendant. There was no evidence that the watermelon counter was in any way of itself defective and there was positive evidence that it was equipped with a proper drainage system.

This court has considered the opinion in *Pauline Ford v. Safeway Stores*, Case # 264, decided March 27, 1968, in the Law and Equity Court of Richmond, Virginia. If the rationale announced there were binding on this court, then plaintiff could clearly recover in this action. It was undisputed that defendant maintained a self-service store in which customers waited on themselves; that when the watermelon counter was iced and loaded twice a day some ice would fall on the floor "fairly regularly"; and Hinson admitted that ice was caused to fall on the floor by customers and that it was a "common and frequent happening at the store prior to the day of the accident." Further, each and every employee was alerted to watch for foreign matter on the floor in general, and as to the watermelon counter: "That was one of our pet projects . . . ."

From the foregoing opinion and facts plaintiff argues, in effect, that defendant had created and maintained a dangerous condition on the premises and that a showing of such circumstances, without more, is sufficient proof of negligence on the part of the defendant, and that the customary and usual proof of actual or constructive notice to defendant is not required.

This court has also considered the elaborate review of the applicable Virginia law filed by way of memorandum opinion on November 8, 1968, in *Thomason v. The Great Atlantic & Pacific Tea Co., Inc.*, United States District Court for the Eastern District of Virginia at Norfolk

(Civil Action 6919-N). Much, or perhaps all, of what was said there is applicable here. From a review of this memorandum opinion and the Virginia cases cited, this court concludes that the Virginia Supreme Court of Appeals has rejected the rule contended for by the plaintiff in this action and has refused to adopt the minority view that so liberally and strikingly expands the doctrine of "constructive notice." The rulings of Virginia's court of last resort are, of course, binding on this court.

Finding that defendant had no notice of any defect on its premises, it follows that defendant's motions must be sustained. (A finding to the contrary would be a holding that defendant was an insurer of plaintiff's safety.)